IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NEZRA TED MCCARTY,

       Petitioner,

vs.                                              CASE NO.   4:08cv426-SPM/AK

WALTER MCNEIL,

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 4). Defendant has been furnished a copy of the Report and Recommendation and has filed objections (doc. 5). Having considered the Report and Recommendation and objections pursuant to Title 28, United States Code, Section 636(b)(1), I have determined that the Report and Recommendation should be adopted.

Defendant filed a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended that the writ be denied because neither Apprendi, Blakely, nor Booker are retroactively applicable to cases on collateral review. Defendant's first objection states that this case is not a matter of collateral review, it is a matter of direct appeal. This is incorrect. Defendant was adjudicated guilty in

Wakulla County, Florida on March 14, 2002.  The state court decision affirming Defendant's sentence was final when the mandate issued on June 16, 2004. Therefore, this habeas petition, filed in 2008, is *not* related to Defendant's direct appeal, as that appeal was finalized in 2004.  Accordingly, because Defendant's conviction was finalized by the time of the filing of this habeas petition, this petition constitutes collateral review and not a direct appeal.  And as properly stated by the Magistrate Judge, neither Apprendi, Blakely, nor Booker are retroactively applicable to cases on collateral review Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Defendant's second objection is that in the state conviction for his driving under the influence offense, he received multiple punishments for the same offence. This objection is rendered moot by even a cursory review of Miller v. Turner.  658 F.2d 348 (5th Cir. 1981).  There, the court held that multiple punishments for two separate state offenses of murder do not result in a violation of the Double Jeopardy Clause.  Id. at 350-1.  The same is true in Defendant's case.  Multiple convictions and multiple punishments for causing two deaths in one car accident does not violate the Double Jeopardy Clause.   Accordingly,  it is hereby

ORDERED AND ADJUDGED:

1. The Magistrate Judge's Report and Recommendation (doc. 4) is ***adopted*** and incorporated by reference into this order.

2. Defendant's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1) is ***denied***.

3. Defendant's request for an evidentiary hearing (doc. 5) is ***denied***.

4. This case shall be ***dismissed with prejudice***.

DONE AND ORDERED this <u>fourteenth</u> day of April, 2009.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge